**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RADCLIFFE MEEKS,**

                **Plaintiff,**     9:08-CV-1037
                                                                  (GLS/DEP)

      **v.**

**RAJIESHWAR KARTAN, M.D.** and
**SIDICKY, M.D.,**

                **Defendants.**
_____

**APPEARANCES:**     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Radcliffe Meeks
Pro Se
06-A-2671
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO     ADRIENNE J. KERWIN
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Radcliffe Meeks, a Clinton Correctional Facility inmate, commenced this action against defendants Kartan and Sidicky, two physicians employed at the Central New York Psychiatric Center (CNYPC), alleging a civil rights violation under 42 U.S.C. § 1983. (*See* Am. Compl., Dkt. No. 7.) On March 9, 2009, Kartan and Sidicky moved for a partial dismissal of Meeks's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 13.) In a Report and Recommendation Order (R&R) filed January 4, 2010, Magistrate Judge David E. Peebles recommended that defendants' motion be granted and that Meeks be given an opportunity to replead. (Dkt. No. 16.) Pending are Meeks's objections to the R&R. (Dkt. No. 18.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

In his amended complaint, Meeks alleges that while housed at CNYPC, staff members medicated him and drew blood against his will, despite his protestation that these medical procedures were against his religious beliefs as a Rastafarian Nazarite. (*See* Am. Compl. ¶¶ 8-12, Dkt.

2

No. 7.)  Afterward, Meeks allegedly felt ill for five days—suffering chronic headaches, weakness in his joints, an inability to stand, and an inability to keep his eyes open and focused—and received no medical attention.  (*Id.* at ¶¶ 13-14.)  Further, Meeks alleges that following the disruptive behavior of another inmate, staff members once again medicated him and drew blood against his will.  (*Id.* at ¶ 15.)  According to Meeks, staff members then confined him in a room where he injured two fingers and received no medical attention.  (*Id.* at ¶ 16.)  Meeks claims that Kartan and Sidicky violated the Eighth Amendment by their deliberate indifference to his medical needs and exercise of excessive force.  (*See id.* at ¶¶ 17-25.)  Additionally, Meeks claims that they violated his First Amendment right to practice his religion.  (*See id.* at ¶¶ 26-27.)  Based on these violations, Meeks seeks compensatory and punitive damages.  (*See id.* at 5.)

In Kartan and Sidicky's Rule 12(b)(6) motion to dismiss, they argued that: (1) they were not personally involved in the alleged wrongdoings and cannot be found liable under the theory of respondeat superior; (2) the de minimis force used by staff members against Meeks did not constitute excessive force; (3) Meeks failed to allege that Kartan and Sidicky were deliberately indifferent to a serious medical need; and (4) New York State's

3

sovereign immunity under the Eleventh Amendment extends to state officers in their official capacities, and therefore the court must dismiss Meeks's claims against Kartan and Sidicky in their official capacities. (*See* Defs. Mem. of Law at 3-7, Dkt. No. 13.)

Judge Peebles recommended that the court dismiss Meeks's excessive force claims, deliberate indifference claims, and claims for damages against Kartan and Sidicky in their official capacities, and grant Meeks the opportunity to replead. (*See* R&R, Dkt. No. 16.) Specifically, Judge Peebles found that: (1) Kartan and Sidicky could be held liable despite their claim that they were not personally involved in the alleged wrongdoings; (2) although de minimis force might suffice for an excessive force claim, Meeks's allegations did not evince sadistic or malicious application of force and were insufficient to support an Eighth Amendment claim; (3) Meeks's allegations did not include a medical need that was sufficiently serious to support a claim of deliberate medical indifference under the Eighth Amendment; and (4) the Eleventh Amendment provided absolute immunity to Kartan and Sidicky, as state officials, in their official capacities. (*See* R&R at 19, Dkt. No. 16.) In response, Meeks submitted objections to the R&R, claiming that Kartan and Sidicky's use of force

4

against him was excessive and that Kartan and Sidicky were deliberately indifferent to his serious medical condition. (Dkt. No. 18.)

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### IV. Discussion

In his objections to the R&R, Meeks specifically objects to Judge Peebles's findings regarding excessive force and deliberate indifference. (*See* Objections at 2-3, Dkt. No 18.) In addition, Meeks specifically objects to the issue of Kartan and Sidicky's personal involvement. (*See id.* at 5.) However, since Judge Peebles decided the issue of personal involvement in Meeks's favor, the court accepts the R&R's recommendation to hold

5

Kartan and Sidicky liable for their involvement in the alleged wrongdoings on the basis of their supervisory role.[1]

## A. Deliberate Indifference

As to his allegations of deliberate indifference, Meeks argues that his two injured fingers constituted a serious medical condition and that the staff deliberately refused to provide medical attention. (*See id.* at 3-4.) The standard for an Eighth Amendment claim on the basis of deliberate indifference includes both an objective and subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the objective prong, an alleged deprivation must be "sufficiently serious." *See id.* This means a condition of urgency that may lead to death, degeneration, or extreme pain. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Factors to consider include: (1) whether the condition significantly impairs a plaintiff's daily activities; (2) whether the condition has caused a plaintiff severe or chronic pain; (3) worsening of the condition due to lack of treatment; and (4) whether a reasonable doctor or patient would find the injury important

---

[1] Although personal involvement is a prerequisite to an award of damages under § 1983, a court may hold a supervisor liable if the supervisor directly participated in the infraction. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Here, Meeks alleges that in the first and second infractions, he was medicated and restrained at the direction of Kartan and Sidicky. Therefore, Meeks has established at the very least a claim regarding the contributory role of Kartan and Sidicky.

and worthy of comment or treatment. *See Chance v. Armstrong*, 143 F.3d 698, 701-02 (2d Cir. 1998).

The subjective prong requires more than negligence by a defendant. *See Hathaway*, 37 F.3d at 66. Rather, a defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* (internal quotation marks and citation omitted). For example, a prison official's conscious delay or failure to treat an inmate's serious medical condition "as punishment or for other invalid reasons" would satisfy the subjective prong. *See Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000) (internal quotation marks, emphasis, and citations omitted).

As to the objective prong, courts have held that finger injuries are not sufficiently serious to support a claim of deliberate indifference. *See Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). Indeed, a finger injury is unlikely to lead to death, degeneration, or extreme pain. *See id.* Moreover, Meeks has not alleged that his injuries resulted in extreme pain or significantly impaired his daily activities. *See Chance*, 143 F.3d at 703. Therefore, Meeks's amended complaint fails to satisfy the objective requirement of a deliberate indifference claim.

Regarding the subjective prong, Meeks alleges that Kartan and Sidicky "ignored and refused" his requests for medical attention. (*See* Am. Compl. ¶ 19, Dkt. No. 7.) Meeks also alleges that two staff members "mocked" him and commented that he had broken his hand, which implies that staff members consciously disregarded a risk to Meeks's health. (*See id.* at ¶¶ 15-16.) These acts may satisfy the subjective requirements of a deliberate indifference claim. Nonetheless, Meeks's medical condition, as pleaded, does not rise to the level of a serious medical condition. Therefore, Meeks's amended complaint fails to state an Eighth Amendment violation claim of deliberate indifference.

**B.     Excessive Force**

Regarding the use of excessive force, Meeks argues that he never posed a threat to anyone. Therefore, he contends, Kartan and Sidicky's use of force was an unnecessary infliction of pain that constituted excessive force and dismissal of his claim would be improper. (*See* Pl. Objections ¶¶ 7-10, Dkt. No. 18.) To determine whether a prison official exercised excessive force against an inmate, the principal inquiry is whether the defendant applied force in a good faith effort to maintain discipline or whether the defendant acted maliciously and sadistically for

8

the very purpose of causing harm.  *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  To determine whether a defendant used force maliciously and sadistically, a court will consider: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the threat reasonably perceived by responsible officials; and (4) the extent of the injury inflicted.  *See id.* at 321.  Moreover, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  In situations involving institutional security, courts afford prison administrators extensive deference in their decisions regarding policies and practices necessary to preserve internal order and discipline.  *See id.* at 6.  However, when institutional security is not at stake, an official's license to use force is relatively limited.  *See id.* at 13 (Stevens, J., concurring in part and concurring in the judgment).  In such cases, a plaintiff is not required to prove malicious and sadistic use of force by a defendant.  *See id.*  Rather, a plaintiff's allegations of "unnecessary and wanton infliction of pain" may suffice.  *See id.*

     Although rare, de minimis force can suffice for an Eighth Amendment violation if the use of force is "repugnant to the conscience of mankind."

9

*See id.* at 9-10 (internal quotation marks and citation omitted).  Indeed, a defendant's malicious or sadistic use of force, no matter how minimal, may violate both contemporary standards of decency and a plaintiff's Eighth Amendment rights.  *See id.* at 13 (Stevens, J., concurring).  Still, the plaintiff bears the burden of pleading facts from which a court can infer that a defendant exercised force in a malicious or sadistic manner.  *See Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000).

In the present case, the sole force exercised by staff members was their restraining of Meeks and injecting medication.  A forcible inoculation, however, absent a showing of malicious intent, is insufficient to support a § 1983 claim.  *See Zaire v. Dalsheim*, 698 F. Supp. 57, 59-60 (S.D.N.Y. 1988).  Moreover, if a plaintiff has not alleged a motive for the defendant's use of de minimis force, the court will decline to infer a malicious intent.  *See Sonds*, 151 F. Supp. 2d at 311.  Meeks has failed to make any allegation that staff members maliciously or sadistically used force.  Further, even if the court applies the lower threshold of wanton and unnecessary use of force, Meeks has failed to plead facts from which the court can infer that Kartan and Sidicky's use of force was either wanton or unnecessary.  *See Sims*, 230 F.3d at 22.  Accordingly, Kartan and

Sidicky's alleged uses of force did not violate contemporary standards of decency and therefore cannot support an Eighth Amendment claim.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that Magistrate Judge David E. Peebles's Report and Recommendation Order (Dkt. No. 16) is **ADOPTED** in its entirety and Kartan and Sidicky's motion to dismiss (Dkt. No. 13) Meeks's claims is **GRANTED**; and it is further

**ORDERED** that Meeks is granted leave to replead, in full compliance with the terms of this Order, **within thirty (30) days** from the date of the filing of this Order, after which defendants shall respond to the complaint as permitted under the Federal Rules of Civil Procedure; and it is further

**ORDERED** that if Meeks fails to file a second amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of the court; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

_____
United States District Court Judge